IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CRUZ CASTILLO MARTINEZ, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-08-367-S-EJL |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| LAWRENCE WASDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court is Respondent's Motion to Dismiss (Docket No. 7). After the Motion to Dismiss was filed, Petitioner filed a request for counsel because he was under the impression that counsel would be appointed for him (Docket No. 9).  Later, he acknowledged that he was mistaken, and he filed a Motion for Extension of Time to File a Response (Docket No. 10).  In response to the Motion to Dismiss, Petitioner filed a "Petition and Affidavit for Federal Habeas Corpus Relief," ("New Petition") which sets forth both his claims and his arguments why his case should not be dismissed (Docket No. 13).  Therefore, the Court considers this matter fully briefed, construing Petitioner's New Petition with Affidavit as both an amended petition and a response to the Motion to Dismiss.

Having reviewed the record, including the state court record, the Court finds that oral argument is unnecessary.  Therefore, the Court enters the following Order.

## BACKGROUND

Petitioner pled guilty to and was convicted of possession of a controlled substance in the Third Judicial District Court in Canyon County, Idaho.  His judgment of conviction was entered on July 12, 2004.   He was sentenced to three years fixed with four years indeterminate.   (State's Exhibit B-1.)  He is currently housed in a federal facility in Eloy, Arizona, and he has a deportation proceeding pending in the Ninth Circuit Court of Appeals.

After conviction, Petitioner filed a Rule 35 motion for reduction of sentence, which was denied.  He did not file a direct appeal from his conviction or an appeal from denial of his Rule 35 motion.  (State's Lodgings A-2 & B-1.)

On January 26, 2005, Petitioner filed a post-conviction relief petition in state court containing four claims.  (State's Lodging A-1.)  After summary dismissal of the case, Petitioner filed an appeal on two of the claims.  The Idaho Court of Appeals determined that the state district court erred by not holding an evidentiary hearing on Petitioner's claims that (1) his guilty plea was not knowing and voluntary because he was unaware that the charge against him required the State to prove that he knew he possessed the methamphetamine and (2) his counsel provided ineffective assistance advising him about the guilty plea.  (State's Lodging B-4 & C-1.)

On remand, the state district court held an evidentiary hearing at which Petitioner and his former trial counsel, John Sutton, testified.  The state district court found and concluded that Petitioner failed to meet his burden of proving either that the guilty plea

was involuntary or that his counsel performed ineffectively.  (State's Lodging C-1 & C-2.)

Petitioner appealed the dismissal of his petition.  On May 29, 2008, the Idaho Court of Appeals affirmed the district court's denial of the petition and issued its remittitur on June 24, 2008.  Petitioner did not file a petition for review with the Idaho Supreme Court.  (State's Lodgings C-1 & D-1 to D-4.)

## PETITIONER'S CLAIMS

Petitioner's federal Petition for Writ of Habeas Corpus was filed on August 29, 2008.   He asserted the following claims: (1) his Fifth, Sixth, and Fourteenth Amendment rights were violated when his plea agreement was breached; (2) his constitutional rights were violated when he pled guilty without understanding the charges or the legal consequences of the plea because his counsel failed to explain the charges; (3) his defense counsel performed ineffectively by giving him poor advice and insufficient counsel contact time; and (4) that he was convicted on fabricated evidence and perjured testimony.

In addition, Petitioner brought Claim (5), that the state appellate public defender failed to send Petitioner's legal materials to him at his correct address, apparently causing Petitioner difficulty in filing a petition for review with the Idaho Supreme Court in his post-conviction matter. The Court previously determined that this is not a cognizable federal habeas corpus claim.  Petitioner does not have a federal constitutional right to effective assistance of counsel for discretionary appeals after "the first appeal of right,"

MEMORANDUM DECISION AND ORDER 3

*Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), or during state post-conviction proceedings, *id*., and thus such a claim cannot be the basis for habeas corpus relief.  *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993) (no constitutional right to counsel during state habeas proceedings even if that was the first forum in which a defendant could challenge the constitutional competence of counsel).  Therefore, this claim is subject to dismissal with prejudice for failure to state a claim upon which relief can be granted.

Respondent filed a Motion to Dismiss contending that the first four claims are procedurally defaulted and must be dismissed with prejudice, and that the fifth is not cognizable.  In response, Petitioner repeated and slightly revised his claims in his New Petition to reflect the four claims he previously brought in his state post-conviction case, namely that his guilty plea was unconstitutional because (1) he pled guilty as part of a plea agreement that was broken; (2) he pled guilty without an understanding of the charges; (3) he pled guilty without understanding the penalties; and (4) his counsel performed ineffectively.  (New Petition, p. 2, Docket No. 13.)  The discussion below will refer to these claims as "New Claims 1 through 4."  As noted above, Claim 5 of the original Petition is not cognizable and subject to dismissal with prejudice, and it also may be deemed withdrawn if the New Petition is intended as a substitute rather than a supplement to the original Petition, and Claim 4 of the original petition ("Former Claim 4") may be deemed withdrawn, presumably on the basis that Petitioner concedes that it was never presented to any state court.

MEMORANDUM DECISION AND ORDER 4

## RESPONDENT'S MOTION TO DISMISS

### A.      Standard of Law on Motion to Dismiss and Procedural Default

Respondent contends that Petitioner's cognizable claims are procedurally defaulted and requests summary dismissal of Petitioner's entire case. Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. When considering a motion to dismiss, the Court may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[1] The Court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment. *Id.* Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties.

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a

---

[1]*abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim.  28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available.  *O'Sullivan*, 526 U.S. at 848.  A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground.  *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991).  Under these circumstances, the claim is considered to have been "procedurally defaulted."  *Coleman,* 501 U.S. at 731.  A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard.  *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension."  *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the Court's failure to consider it will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 478. To show a miscarriage of justice, Petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Where the petitioner pled guilty and did not have the evidence in his case evaluated by a jury, he must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty. . . ." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

**B.     Discussion of Procedural Default**

From the overview of Petitioner's procedural history set forth above, the Court concludes that Petitioner clearly failed to present New Claims 1 through 4 of his New Petition to the Idaho Supreme Court. It is insufficient to merely proceed through the level of the Idaho Court of Appeals. As a result, these claims are procedurally defaulted.

Petitioner admits in his Petition that Former Claim 4 has not been presented to any state court.  Because it is too late to present this claim to the Idaho Supreme Court in a procedurally proper manner, this claim is also procedurally defaulted.

### C.    Discussion of Petitioner's Motion for Appointment of Counsel

In his letter to the Court, Petitioner asked for appointment of counsel.  There is no constitutional right to counsel in a habeas corpus action.  *Coleman v. Thompson,* 501 U.S. 722, 755 (1991).  A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or an evidentiary hearing is required in his case.  *See* Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases.  In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice.  28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B).  Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits.  *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Here, Petitioner's claims are clearly procedurally defaulted.  As further discussed below, Petitioner has not brought forward adequate facts to warrant an evidentiary hearing on the issues of cause and prejudice or actual innocence.  Appointment of counsel would not otherwise aid the Court in resolving the case.  As a result, Petitioner's request for counsel shall be denied.

**D.      Discussion of Petitioner's Response Contained in his New Petition**

To excuse the procedural default of his claims, Petitioner asserts that he is factually innocent of the charges.  He declares: "I did not have any knowledge of 'the drug' that was physically placed in my wallet by a lady, I thought I knew who, unknown to me, placed the drug in my wallet that caused me to be in physical control of the drug." (Affidavit, p. 1, Docket No. 13-3.)   Petitioner made a variation on this argument during the post-conviction evidentiary hearing; there, he contended that the drugs belonged to a woman who was with him at the bar, but he did not state that she physically placed the drugs in his wallet. (State's Lodging C-2, Tr. 42:6-25; 43:1-24.)

On the other hand, Petitioner's trial counsel, John Sutton, testified:

>         The facts of the case as I understood them were he had been drinking that night at a bar with his girlfriend.  They had purchased some methamphetamine.  They had not used all of that methamphetamine.  He still had some of that methamphetamine left.  That afterwards he left the bar.  He was driving.  He was stopped for an erratic driving pattern.  The officers who stopped him did an interview initially for driving under the influence.  Thereafter, they did a search incident to the arrest, and they found the methamphetamine on his person.
>                   * * *
>         He [Petitioner] knew he bought the methamphetamine.  He knew he had not used it.  He knew he had the balance on his person.
>                   * * *
>         His proposed defense was that he could have left his wallet on the bar and someone else could have put the methamphetamine in his wallet, and, therefore, the methamphetamine was not his.  That was not true.

(State's Lodging C-2, Tr. 22:13-23; 23:1-3 & 12-15.)

The state post-conviction court heard Petitioner's testimony and his former counsel's testimony.  While the state district court did not particularly find that

Petitioner's counsel's version of how the drugs came to be in Petitioner's wallet was true and Petitioner's version was untrue, the state court found that Petitioner's counsel's testimony was more credible than Petitioner's testimony regarding whether Petitioner was aware of the intent element of possession and whether counsel had performed ineffectively in advising Petitioner to plead guilty.  (*Id.*, 65:1-14.)  In reviewing the state district court's decision, the Idaho Court of Appeals determined that "[t]here is substantial competent evidence to support the district court's findings of facts, and those findings are therefore not clearly erroneous."  (State's Lodging D-3, p. 3.)

Here, the Court concludes that Petitioner has not sufficiently shown that he is factually innocent.  Particularly troubling is the difference between Petitioner's current Affidavit and his testimony at the post-conviction hearing.  Petitioner has not provided the type of evidence required for a showing of actual innocence, including credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, or exculpatory scientific evidence."  *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).  Petitioner has not shown that, had the evidence been evaluated by a jury, "it is more likely than not that no reasonable juror would have found [him] guilty."  *See Van Buskirk*, 265 F.3d at 1084. Petitioner's other arguments–such as he did not understand the elements of the crime and the penalty– are legal, not factual, arguments that do not support an actual innocence claim.

MEMORANDUM DECISION AND ORDER 10

The Court also considers whether Petitioner has raised any facts that might support a cause and prejudice argument.  Petitioner has stated in the context of his substantive claims that his state appellate public defender failed to send Petitioner's legal materials to him at his correct address, apparently causing Petitioner difficulty in filing a petition for review with the Idaho Supreme Court after remand of his post-conviction matter. Petitioner states that he received no word or action between August 16, 2007 and August 21, 2008.  The Idaho Court of Appeals issued its decision in the post-conviction case (after remand) on May 29, 2008, during the time period when Petitioner states he received no communication from his counsel.

Petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings.  *Pennsylvania v. Finley*, 481 U.S. at 555; *Bonin v. Vasquez*, 999 F.2d at 429-30.  Consequently, any shortcomings of his counsel during the post-conviction action cannot serve as a basis for cause to excuse Petitioner's procedural default of his other federal claims.  *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("a petitioner cannot claim constitutionally ineffective assistance of counsel in [post-conviction] proceedings").

Because Petitioner has not demonstrated cause for the default of any of his claims based on the reasons he advanced, this Court will not consider whether he has established prejudice.  *See Hivala v. Wood,* 195 F.3d 1098, 1105 n.6 (9th Cir. 1999) (citing *Smith v. Murray*, 477 U.S. 527, 533 (1986)).  However, even if Petitioner could assert a cause and prejudice argument that might excuse the procedural default of the two claims he

MEMORANDUM DECISION AND ORDER 11

presented to the Idaho Court of Appeals, the claims would fail on the merits, as the Court alternatively concludes directly below.

E.     Merits Discussion

The Petition in this case is subject to the provisions of the Anti-terrorism and Effective Death Penalty Act (AEDPA), which was enacted in 1996.  The AEDPA established a deferential standard of review that a federal habeas court must apply to a state court's resolution of constitutional claims.  The federal habeas court reviews the state court's "last reasoned decision."  *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991).

Under the AEDPA, a federal court may grant habeas relief only if the state court's adjudication on the merits:

1.     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" federal law when the state court applied a rule of law different from the governing law set forth in United States Supreme Court precedent, or when it confronted a set of facts that are materially indistinguishable from a Supreme Court decision and nevertheless arrived at a different result.  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

A state court's decision is an "unreasonable application" of federal law when the court was unreasonable in applying the governing legal principle to the facts of the case.

MEMORANDUM DECISION AND ORDER 12

*Id.* at 413. A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the state court's decision was incorrect; instead, the decision must be "objectively unreasonable." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Under AEDPA, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); 28 U.S.C. § 2254(e)(1). As a result, a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; 28 U.S.C. § 2254(d)(2).

As to New Claim 2, the law governing guilty pleas has been clearly established for many decades. A plea is "knowing" if a defendant understands the federal constitutional rights he is waiving by pleading guilty, and it is "voluntary" if he "possesses an understanding of the law in relation to the facts." *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 466 (1938)). Another definition of "voluntary and intelligent" is if the plea "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).

As to New Claim 4, *Strickland v. Washington*, 466 U.S. 668 (1984), is the clearly established federal law governing ineffective assistance of counsel claims. Under *Strickland*, an ineffective assistance claim has two components: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the

petitioner.  *Id.* at 687.  To establish deficient performance, Petitioner must demonstrate that his counsel's representation "fell below an objective standard of reasonableness."  *Id.* at 688.  To establish prejudice, Petitioner must demonstrate "a reasonable probability that, but for [his] counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  In *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), the Court held that a claim that a plea is not knowing and voluntary due to counsel's ineffective advice requires a showing of a reasonable probability that the defendant would not have pled guilty but for counsel's erroneous advice, but would have proceeded to trial.

For Petitioner to succeed in this habeas case, "he must do more than show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly."  *Id.*  "Rather, [Petitioner] must show that the [Idaho] Court of Appeals applied *Strickland* to the facts of his case in an objectively unreasonable manner."  *Id.*

The Court assumes for the sake of argument that Petitioner can proceed to the merits of his claims that were presented after remand in his final post-conviction appeal to the Idaho Court of Appeals, which were "that his guilty plea was unconstitutional because he did not understand the nature of the charge against him with respect to the requirement that he 'knowingly' possessed the substance" (New Claim 2), and "that his counsel provided ineffective assistance by failing to inform him of the 'knowing' element of the charge" (New Claim 4).  (State's Lodging D-3, p. 1.)

MEMORANDUM DECISION AND ORDER 14

After an evidentiary hearing at which Petitioner and his former counsel, John Sutton, testified, the state district court found that Petitioner did not meet his burden of proof on either claim.  The court "specifically" found: "Mr. Sutton's testimony is credible on the issue of [his advice to Mr. Martinez]" and that "[Mr. Martinez's testimony is not] credible."  (State's Lodging C-1, p. 67, Tr. 12:3-8, with the court's corrections from p. 52 included in brackets.)  In addition, the court noted:  "I find that the testimony of Mr. Sutton that he did, in fact, advise Mr. Martinez of the knowledge requirement is more credible than Mr. Martinez's denial of [being informed of that element]."  (*Id*., p. 67, Tr. 12:11-14, with the court's corrections from p. 52 included in brackets.)  The state district court found that Petitioner "failed to establish by a preponderance of the evidence that Mr. Sutton's performance was deficient."  (*Id*., p. 67, Tr. 12:8-10.)  The court also found: "Mr. Martinez has failed to prevail by a preponderance of the evidence as to the prejudice question as to whether or not but for counsel's errors he would not have pled guilty or would have insisted on going to trial."  (*Id*., p. 67, Tr. 12:15-19.)  The court then concluded that "Mr. Martinez has failed to meet his burden of establishing by a preponderance of the evidence either the involuntariness of his plea of guilty or the ineffective assistance of counsel claims."  (*Id*., p. 67, Tr. 12:21-24.)

On appeal, the Idaho Court of Appeals concluded: "There is substantial competent evidence to support the district court's findings of facts, and those findings are not clearly erroneous."  (State's Lodging D-3, p. 3.)  The Idaho Court of Appeals rejected Petitioner's argument for the following reasons:

MEMORANDUM DECISION AND ORDER 15

On this appeal, Martinez argues that the district court's determination that Sutton was the more credible witness is clearly erroneous because Martinez testified that he was never advised by Sutton of the "knowing" element of the crime.  This same argument was made to the district court, but the district court discounted Martinez's version because his testimony was not consistent with statements made by Martinez several years earlier during the proceeding when Martinez entered his guilty plea.  The district court also noted an examination of Martinez by the prosecutor during the plea hearing where Martinez had acknowledged that his previous attorney, a public defender, had explained to Martinez that the state had the burden of proving that Martinez "knowingly" possessed methamphetamine.

(State's Lodging D-3, p. 3.)

Reviewing the Idaho Court of Appeals' decision, this Court finds a slight error: the prosecutor's questioning of Petitioner occurred at the *post-conviction evidentiary* hearing, not the *plea* hearing. (Compare State's Lodging A-2,  change of plea hearing, with State's Lodging C-2, Tr. 13:6-25 & 14:1-13, post-conviction evidentiary hearing.)  However, the error is of no consequence, because the substance of the testimony is not at issue, and the testimony supports the district court's findings and the appellate court's conclusions, regardless of whether the testimony was given in the plea hearing or post-conviction hearing.

Upon a review of the record as a whole, as to Petitioner's first claim regarding the voluntary and knowing nature of his guilty plea, this Court concludes that the Idaho Court of Appeals' opinion is not contrary to, or an unreasonable application of, the principles set forth in *Boykin v. Alabama,* nor are the state court factual findings objectively unreasonable in light of the evidence presented in the state-court proceedings.  The state court record contains adequate evidence to show that Petitioner understood that the

MEMORANDUM DECISION AND ORDER 16

possession charge required that he *know* the drugs were in his wallet, and that he understood the constitutional rights he gave up upon pleading guilty.  The state district court relied on Petitioner's acknowledgment that the public defender had discussed the elements of the crime with Petitioner and Mr. Sutton's testimony of his conversations with Petitioner about the elements of the crime and the facts of the case.  This Court agrees that Petitioner's version of events lacks credibility and corroboration and would not have fared well if presented to a jury.

Similarly, this Court concludes that the Idaho Court of Appeals' opinion is not contrary to, or an unreasonable application of, *Strickland v. Washington*, nor are the state court factual findings objectively unreasonable in light of the evidence presented in the state-court proceedings.  Based on the analysis set forth directly above, Petitioner has failed to show that his counsel performed in a deficient manner given the facts of the case.  Petitioner's counsel also discussed at the hearing that an overriding concern in considering the guilty plea was that if Petitioner decided to proceed to trial, he might have been charged as a habitual offender, which would have exposed him to a sentence of up to life in prison. The plea offered him a sentence that would be "dramatically less than it would be otherwise," given that Petitioner had a significant prior felony record.  (State's Lodging C-2, Tr. 25:1-25; 26:1-20 & State's Lodging A-2, Tr. 20:14-25.)  Therefore, the Court also agrees that Petitioner did not meet the prejudice prong of *Strickland*, having failed to show a reasonable probability that, but for the alleged errors of counsel, he would not have pled guilty but would have proceeded to trial.  *See Hill*, 474 U.S. at 59.

MEMORANDUM DECISION AND ORDER 17

### F.     Conclusion

Petitioner's Former Claim 5 fails to state a claim upon which habeas corpus relief

can be granted.  Petitioner's New Claims 1 through 4 are clearly procedurally defaulted,

as is Petitioner's Former Claim 4.  Petitioner was provided with the appropriate standards

of law to show cause and prejudice or a miscarriage of justice, but he failed to show

adequate cause for the default of his claims.  Neither has he provided sufficient evidence

showing that he was actually innocent.  As to the two claims Petitioner presented to the

Idaho Court of Appeals, New Claims 2 and 4, the Court alternatively concludes that

Petitioner has failed to show entitlement to relief under § 2254(d)(1) or (d)(2). Therefore,

the entire case shall be dismissed with prejudice.

**REVIEW OF THE CLAIMS AND THE COURT'S DECISION**
**FOR PURPOSES OF CERTIFICATE OF APPEALABILITY**

In the event Petitioner files a notice of appeal from the Order and Judgment in this

case, and in the interest of conserving time and resources, the Court now evaluates the

claims within the Petition for suitability for issuance of a certificate of appealability

(COA), which is required before a habeas corpus appeal can proceed.  28 U.S.C. §

2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  A COA will issue only

when a petitioner has made "a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a

petitioner must show "that reasonable jurists could debate whether (or, for that matter,

agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further.*" Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

When a court has dismissed a petition or claim on *procedural grounds*, in addition to showing that the petition "states a valid claim of the denial of a constitutional right," as explained above, the petitioner must also show that reasonable jurists would find debatable whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484.   The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336*.*

Here, the Court has denied Petitioner's claims on procedural grounds, and some have been alternatively denied on the merits.  The Court finds that additional briefing on the COA is not necessary.  Having reviewed the record again, the Court concludes that reasonable jurists would not find debatable the Court's decision on the procedural issues and the merits of the claims raised in the Petition and that the issues presented are not adequate to deserve encouragement to proceed further.  As a result, the Court declines to grant a COA on any issue or claim in this action.  Petitioner may file a timely notice of appeal and request a COA from the Ninth Circuit Court of Appeals, if he desires, pursuant to Federal Rule of Appellate Procedure 22(b).

MEMORANDUM DECISION AND ORDER 19

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion to Dismiss (Docket No. 7) is GRANTED.  Petitioner's case is DISMISSED with prejudice.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Extension of Time to File Response (Docket No. 10) is GRANTED.  The Court considered Petitioner's New Petition as his response in the course of deciding the Motion to Dismiss.

IT IS FURTHER HEREBY ORDERED that the Court will not grant a Certificate of Appealability in this case.  If Petitioner chooses to file a notice of appeal, the Clerk of Court is ordered to forward a copy of this Order, the record in this case, and Petitioner's notice of appeal, to the United States Court of Appeals for the Ninth Circuit.

DATED:  **August 10, 2009**

Honorable Edward J. Lodge
U. S. District Judge